hGAUDIN, Judge.
This is an appeal by Michael Hillhouse from the district court’s granting of a motion for summary judgment dismissing his claims against River Parish Maintenance, Inc. and its insurer, St. Paul Fire and Marine Insurance Company. This judgment dated March 19,1998 is correct and we affirm it.
Hillhouse was employed by Bechtel Construction Company on October 7, 1995 helping to construct scaffolding. He was using a so-called mechanic’s wrench, which he called “an improper tool”, instead of a scaffolding wrench. The mechanic’s wrench slipped, causing injuries to Hillhouse’s knee.
River Parish Maintenance was sued because it allegedly had negligently provided Hillhouse with the inexact wrench.
The scaffolding work was being done at the Waterford 3 nuclear plant in Taft, Louisiana, apparently owned or operated by Enter-gy Operations, Inc., as agent for Louisiana Power & Light Company. Entergy had contracted with Bechtel to construct scaffolding and it (Entergy) had also contracted with River Parish Maintenance (hereafter called RPM) whereby RPM, generally, was to provide labor and janitorial support, including personnel to man the tool room. Entergy was also named a defendant in this proceeding because it allegedly owned the tool room and the tools but this claim is not now before this Court.
In any event, Hillhouse said that he asked for the proper scaffolding ^wrench at the tool shop but was told several times by an RPM employee that one was not available. Instead, he was given the mechanic’s wrench.
There was no contract or agreement between RPM and Hillhouse’s employer, Bechtel Construction Company. They, RPM and Bechtel, contracted with Entergy independent of each other. RPM’s responsibility with regard to the tool shop was limited to handing out tools and keeping records of persons to whom the tools were given. The scope of RPM’s work did not require it to own, purchase, stock, maintain or repair tools or to inform Entergy or Bechtel if or when needed tools were missing or were not available.
In Hillhouse’s deposition, he said that Bechtel was responsible for providing scaffolding wrenches, called “ratchets” by Hill-house. He testified:
“Bechtel would send it (scaffolding wrench) to the tool room, which Entergy owned the tool room.”
Later in his deposition, Hillhouse stated that Entergy actually owned the scaffolding ratchets. He said:
I guess Entergy only bought so many scaffolding ratchets to go around to the people. And when they ran out, they started handing out other ... regular mechanical ratchets with a mechanical socket.”
Hillhouse said that his Bechtel foreman knew that he (Hillhouse) was using the mechanical wrench but that he (Hillhouse) kept using it to keep his job.
Nobody from RPM, or from Bechtel, for that matter, told Hillhouse he had to use the mechanical wrench.
bit does not appear from the record that RPM breached any duty to Hillhouse or that there was any actionable negligence on the part of an RPM tool room employee. The duty RPM owed to Hillhouse was ordinary care as it would owe to the public generally. This amounts to a duty to refrain from gross, willful or wanton negligence. Hillhouse’s statement clearly shows no violation of such a duty.
When submitted evidence shows no relevant, genuine issues of fact and when reasonable minds must inevitably conclude that a mover is entitled to judgment on the facts before the court, a motion for summary judgment should be granted. See Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908 (La.1986), and many other cases with similar holdings.
Following the hearing in the 29th Judicial District Court on March 17, 1998, the trial judge said:
“Based on the review of the affidavits provided by both sides and the briefs of Counsel, the Court finds that there’s no genuine issue as to material fact in this matter, and it does not appear by the filings of either side that *465 River Parish Maintenance assumed a contractual duty to stock this particular tool room with the appropriate tools and the appropriate number of tools. That appears to be Entergy’s duty.
“Accordingly, the Court’s going to grant the Summary Judgment Motion. RPM is dismissed from the lawsuit.”
We affirm this ruling.
AFFIRMED.